IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOHN MICHAEL MILLER, JR.** | * | |
| **Plaintiff,** | * | |
| v | * | **Civil Action No. GJH-21-1533** |
| **GAIL WATTS,** *et al.***,** | * | |
| **Defendants.** | * | |

\*\*\*

## MEMORANDUM OPINION

John Michael Miller, Jr., a prisoner currently confined at Baltimore County Detention Center ("BCDC"), brings this civil rights action against Director Gail Watts, Deputy Director Renard Brooks, Sergeant McElligott, Sergeant Paige, Officer Jenkins, Officer Austin, Officer Figueroa, Sergeant Kelly, Lieutenant Lewis and Lieutenant Murphy. ECF No. 1. Defendants moved to dismiss the Complaint. ECF No. 6. Miller opposed the Motion. ECF No. 11. After reviewing the pleadings, the Court finds that a hearing is not necessary to resolve the pending issues. *See* Local Rule 105.6 (D. Md. 2021). For the reasons discussed below, Defendants' Motion will be DENIED.

**I.    BACKGROUND**

**A. Miller's Allegations**

In his Complaint, Miller states that he arrived at BCDC on February 5, 2021. ECF No. 1 at 2. At reception he asked to be placed on the kosher meal list. *Id.* He was not provided with kosher meals for 16 days, until February 21, 2021. *Id.* at 3. During the 16 day period, Miller alerted Defendants Kelly, Lewis, Jenkins, Austin, Murphy, McElligott, Page and Figueroa that he was not receiving the kosher diet. *Id.* He also filed several "request slips" from February 5, 2021 through February 11, 2021, requesting to be placed on the kosher meal list. *Id.*

Additionally, Miller requested complaint forms from Defendants McElligott, Murphy and Kelly and did not receive them. *Id.* Miller was finally provided with a complaint form by another officer on February 10, 2021. *Id.* He filed the complaint form and did not receive an answer within the 15 days required under the system, and made a second request to inquire as to why he had not received a response to his complaint. *Id.*

Miller also states that when he was previously incarcerated at BCDC from April 20, 2020 through July 10, 2020, he had the same issue of not receiving kosher meals, and went without eating from April 20, 2020 to April 30, 2020. *Id.* at 2-3. Miller brings claims under the Religious Land Use and Institutionalized Person's Act ("RLUIPA"), 42 U.S.C. § 2000cc-1; the First Amendment; and for "cruel and unusual punishment." *Id.* at 4. Miller seeks injunctive relief by way of an improved process for inmates to receive kosher meals at BCDC, and monetary damages. *Id.*

### B. Defendants' Response

Defendants have filed a Memorandum in support of their Motion to Dismiss. ECF No. 6-1. In sum, Defendants state that the Complaint should be dismissed because Miller fails to allege that the action of the Defendants caused the constitutional or statutory violation at issue, or that any Defendant was personally involved in causing the violation. They note that Defendants Watts and Brooks are mentioned only in the caption of the Complaint. *Id.* at 2. They further assert that the claims fail because Miller did not allege that any Defendant was capable of providing a remedy to the alleged violations.

### C. Miller's Opposition

Miller filed a Response in Opposition to Defendants' Motion to Dismiss. ECF No. 11. Miller states that Defendants Director Watts and Deputy Director Brooks are "solely and directly

responsible" for the rules governing the kosher diet at BCDC. *Id.* at 1. The facility's handbook states that inmates may request a religious diet by submitting an inmate request form to the chaplain or program manager, however, these positions were not filled at "intake" and there will necessarily be a delay in approval of the diet for this reason. *Id.* at 1-2. Further, Miller states that Defendants Watts and Brooks received his complaint form on February 10, 2021, yet he was not provided with the kosher diet until February 21, 2021. *Id.* at 3. Miller states that he notified the remaining Defendants that he was not receiving the kosher diet and each knew that there was neither a program manager nor a chaplain when Miller was in intake status at the facility, and they failed to remedy the situation. *Id.* at 2.

## II.   STANDARD OF REVIEW – MOTION TO DISMISS

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

The purpose of Rule 12(b)(6) "'is to test the sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and "draw all reasonable inferences in favor of the plaintiff," *id.* (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Where, as here, the plaintiff is proceeding *pro se*, the Court reads the pleadings generously. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (finding a *pro se* complaint should be "liberally construed" and that, "'however inartfully pleaded,'" the complaint "must be held to 'less stringent standards than formal pleadings drafted by lawyers'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). At the same time, the Court must also fulfill its "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

### III. DISCUSSION

Defendants argue that Miller failed to allege that any of the named Defendants caused the constitutional or statutory violation at issue, and in addition, failed to allege that the defendants were capable of providing a remedy to the violation. ECF No. 6-1 at 2-4.

Section 1983 requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). *See also Wright v. Collins*, 766 F.2d 841, 850 (4th Cir.1985) ("In order for an individual to be liable under § 1983, it must

be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (internal punctuation omitted)).  The same holds for claim brought under RLUIPA.   Miller is required to allege that his injury would not have occurred but for the defendant's conduct. *See Wright v. Lassiter*, 921 F.3d 413, 419 (4th Cir. 2019) citing *Burrage v. United States*, 571 U.S. 204 (2014) ((both plaintiff's First Amendment claim (brought under 42 U.S.C. § 1983) and his RLUIPA claim require him to prove causation: that is, he must show that the Defendants' policies are the cause of the alleged burden on his exercise of religion).

      Defendants Watts and Brooks are responsible for implementing the facility's practices, policies, and regulations.  Miller has alleged that the failure to timely process requests for the kosher diet is systemic, in that it occurred in both 2020 and 2021.  He has alleged that he made repeated requests to multiple Defendants, including numerous supervisors, for the kosher meal that were not acted on, including the filing of a written complaint under the facility's complaint procedure. In addition, he is seeking both damages and injunctive relief.  Defendants Watts and Brooks are appropriate parties to implement an order pertaining to injunctive relief.  At this juncture, there are sufficient allegations for the claims to go forward against Watts and Brooks.

      Similarly, Miller has alleged that he notified each of the remaining Defendants that he requested and had not received kosher meals.  He states that none of these Defendants took any action to remedy the problem.  There are sufficient allegations for the claims to go forward against the remaining Defendants.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED. Defendants will be directed to respond to the Complaint.

A separate Order follows.

<u>September 8, 2022</u>                              _____/s/_____
Date                                                               GEORGE J. HAZEL
                                                                       United States District Judge